UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:17-CV-99-EBA

EVERAGE REAL ESTATE, INC., *and*
MARY JOE BUNDY EVERAGE,                                                    PLAINTIFFS,

V.                      **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA,                                                   DEFENDANT.

**INTRODUCTION**

Mary Joe Bundy Everage brings this action seeking compensation from the United States of America for damages resulting from her use of psychotropic medication, which was originally administered to her while she was being held at the Federal Medical Center Carswell, in Fort Worth, Texas.. [R. 1]. The United States of America has moved to dismiss this action arguing that the Court lacks subject matter jurisdiction. [R. 38]. The matter has been fully briefed and is now ready for the Court's consideration. For the reasons that follow the Court finds that it lacks subject matter jurisdiction to address the merits of Everage's claims, and the undersigned shall grant Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On May 16, 2005, Ms. Everage was indicted on two charges under 26 U.S.C. § 7212(a). First, for endeavoring to obstruct federal tax laws by threatened use of force. *United States of America v. Mary Joe Everage*, 7:05-CR-11-DLB-1, [R. 1 at 2 ("Count 1")]. Second, for endeavoring to obstruct federal tax laws by threatened use of a firearm. [*Id.* at R. 1 at 2 ("Count 2")]. At her arraignment, Ms. Everage pled not guilty. [*Id.* at R. 10]. Immediately thereafter, the Court ordered a competency evaluation be conducted upon motion of both the United States and Ms. Everage's own attorney. [*Id.*

at R. 12; *id.* at R. 14]. At Ms. Everage's competency hearing, it was determined that Ms. Everage was then suffering from a mental disease or defect rendering her mentally incompetent and unable to assist properly in her defense. [*Id.* at R. 28 (citing 18 U.S.C. § 4241); *id.* at R. 59].The Court ordered the involuntary administration of psychotropic medication under the standard set by *Sell v. United States*, 539 U.S. 166 (2003). *United States of America v. Mary Joe Everage*, 7:05-CR-11-DLB-1, [R. 63 at 4 ("[T]he evidence established that the medication is substantially likely to improve her ability to communicate appropriately with counsel and assist in her defense. The undisputed medical evidence established that no other medical treatment is likely to have any beneficial effect.")]. After psychotropic medication was involuntarily given to Ms. Everage, a final competency hearing was held on August 22, 2006. At that time, Ms. Everage was found to have recovered from the mental disease or defect rendering her incompetent to aid in her defense. [*Id.* at R. 72]. All criminal charges against Ms. Everage were dismissed on oral motion of the United States, and she was released from custody. [*Id.*]. Ms. Everage, however, was "strongly encouraged to continue with medications prescribed at the Federal Medical Center at Carswell" following her release on August 22, 2006. [*Id.*].

Ms. Everage filed her Civil Complaint in this action on June 5, 2017. [R. 1]. She contends that she has suffered injuries resulting from her court-ordered use of psychotropic medication while imprisoned at FMC Carswell, and she is seeking compensation from the United States. *See United States of America v. Mary Joe Everage*, 7:05-CR-11-DLB-1, [R. 14 (requiring a psychological examination of Plaintiff); R. 28 (finding Plaintiff mentally incompetent to aid in her defense, and requiring her to undergo treatment while in the custody of the Attorney General); R. 63 (authorizing the involuntary administration of antipsychotic medication to Plaintiff)]. She seeks $350,000.00 in damages plus legal fees and costs. [R. 7; R. 26; R. 46; R. 53 (Plaintiff currently seeks $87,500.00 in attorney fees)].

The United States has moved to dismiss this action arguing that, because Ms. Everage did not first exhaust her administrative remedies, the Court is without jurisdiction to preside over this matter and it must therefore be dismissed, *Cole v. Growse*, 5:07-CV-61-KSF, 2008 WL 695355, *3 (E.D. Ky. Mar. 12, 2008) (citing 28 U.S.C. §2401(b) and 28 U.S.C. §2675(a)).

Ms. Everage does not dispute that she never filed an administrative action for relief, although she argues that she filed the Complaint in this action within the time allowed by the statute of limitations. [R. 42]. Likewise, she submits that the various exhibits and documents she has filed into the Record, [*See, e.g.*, R. 42-4], demonstrate the validity of her claims, which she believes are sufficient to survive a motion to dismiss. [R. 42].

Replying to her arguments, the United States emphasizes that Plaintiff does not dispute that she did not exhaust her administrative remedies, and continues to claim that the above-styled case should be dismissed for the undersigned's lack of subject matter jurisdiction, due to the fact that Plaintiff has yet to file for administrative relief. [R. 54].

## **ANALYSIS**

Before the Court can address the merits of Ms. Everage's claims in this action, it must have subject matter jurisdiction. In order to have subject matter jurisdiction in this matter, the record must establish that Ms. Everage pursued her claim against the United States administratively prior to bringing this action. Title 28 United States Code § 2675(a), provides that "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied

by the agency." *Cole v. Growse*, 5:07-CV-61-KSF, 2008 WL 695355, *3 (E.D. Ky. Mar. 12, 2008) (citing 28 U.S.C. §2401(b) and 28 U.S.C. §2675(a)).

The Record in this action reflects that Mrs. Everage's claim was not administratively pursued. [R. 42 at 2 ("I am impressed with Attorney Robert M. Duncan, Jr. and his larger package Of (sic) legal facts")], reveals undisputed facts. These facts include that "Plaintiff has not filed any administrative tort claims with the Bureau of Prisons." [R. 32-2 at 2; *see also id.* at 3–13 (undisputed business records of the Bureau of Prisons revealing that Plaintiff did not pursue administrative remedies)]. In the presence of undisputed facts revealing that Plaintiff did not pursue administrative relief of her claims—thereby failing to satisfy the jurisdictional prerequisites of this case now before the Court—there remains no basis for subject matter jurisdiction. Thus, the undersigned is simply without authority to hear the above-styled case at this time. 28 U.S.C. § 2401(b); 28 U.S.C.A. § 2675(a); *Humphrey v. United States Attorney Gen.'s Office*, 279 F. App'x 328, 332 (6th Cir. May 15, 2008); *In re Franklin Savings Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004) (citing *Sisseton–Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir.1990)). As a result, the United States' motion to dismiss will be granted.

## **CONCLUSION**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The provisions of the Federal Tort Claims Act provide limited consent to sue the United States, "but such consent is strictly limited to the terms of the enabling statutes." *Cole v. Growse*, 5:07-CV-61-KSF, 2008 WL 695355, *3 (E.D. Ky. Mar. 12, 2008). To access this limited waiver, "a potential claimant must first present a request for administrative settlement to the responsible agency." *Id.* (citing 28 U.S.C. § 2675(a)); *see also* 28 U.S.C. § 2401(b). Here, because Plaintiff has

not yet sought administrative relief, [R. 38-2; R. 42 at 2], the above-styled case must be dismissed, because the United States District Court for the Eastern District of Kentucky is without subject matter jurisdiction to hear this case until Plaintiff pursues and exhausts her administrative remedies. 28 U.S.C. § 2401(b); 28 U.S.C.A. § 2675(a). Accordingly,

**IT IS ORDERED**:

1. Defendant the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction, [R. 38], is **GRANTED,** all pending motions are **DENIED** as **MOOT**, and

2. The above styled case is **HEREBY DISMISSED WITHOUT PREJUDICE**.

This the 10th day of May, 2018.



Signed By:
Edward B. Atkins
United States Magistrate Judge